**WO**                                                                                              SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sergio Gomes Macias, | No. CV 10-0224-PHX-RCB (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Defendants. | |

Plaintiff Sergio Gomes Macias, who is confined in the Arizona State Prison Complex-Phoenix West (ASPC-Phoenix West), in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 5.)[1] The Court will dismiss the Complaint with leave to amend.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time

---

[1] "Doc.#" refers to the docket number of filings in this case.

1 the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

1 should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004); <u>see also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim with leave to amend because the Complaint may possibly be saved by amendment.

## III. Complaint

Plaintiff alleges two counts in his Complaint for threat to safety and denial of basic necessities. Plaintiff sues: Charles Ryan, the Director of the Arizona Department of Corrections (ADC); Deputy Warden Perez of the Diamondback Correctional Facility in Watonga, Oklahoma, which houses ADC inmates under contract between ADC and Corrections Corporation of America (CCA); Inmate Ricardo Duran at Diamondback Correctional Facility; and GEO Group Inc., a private prison company, which operates ASPC-West. Plaintiff seeks injunctive and compensatory relief.

## IV. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. <u>Wood v. Ostrander</u>, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).

To state a claim against a defendant, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom or that the official promulgated a policy, practice or custom resulting in the violation. See <u>Cortez v. County of Los Angeles</u>, 294 F.3d 1186, 1188 (9th

Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

### A. Duran

Plaintiff sues another inmate who attacked him. To state a claim under 42 U.S.C. §1983, Plaintiff must allege that a particular defendant was acting under color of state law at the time the complained-of acts were committed. "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (quoting West v. Atkins, 487 U.S. 42, 46 (1988)). The "color of law" requirement of § 1983 is treated as the equivalent of the "state action" requirement under the Constitution. Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000) (citing Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); West v. Atkins, 487 U.S. 42, 49 (1988)); Briley v. California, 564 F.2d 849, 855 (9th Cir. 1977). That is, § 1983 is not invoked by "purely private conduct." Id. Private action, no matter how wrongful, is not actionable under § 1983. Id.

Plaintiff fails to allege any facts to support that Duran's conduct was anything other than purely private conduct. Plaintiff does not allege facts to support that Duran acted under color of state law when he attacked Plaintiff. Accordingly, Plaintiff fails to state a claim against Duran in his Complaint.

### B. Ryan

Plaintiff sues ADC Director Ryan in his Complaint. Plaintiff fails to allege any facts against him to support that Ryan violated Plaintiff's constitutional rights. Accordingly, Plaintiff fails to state a claim against him.

### C. Count I

Plaintiff designates Count I as a claim for threat to safety. To state a claim under

1983 for failure to protect or threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837.

Plaintiff alleges the following facts in Count I: Plaintiff was assaulted at the Diamondback Correctional Facility by his then-cell-mate, Ricardo Duran, while Plaintiff was sleeping. Duran was a member of the "Border Brothers" prison gang. An unidentified "he" kept the cell door unlocked so other gang members would have access to Plaintiff. Despite purportedly knowing that Duran posed a threat to Plaintiff, Defendant Perez failed to transfer Plaintiff. After Plaintiff was beaten, Plaintiff was moved to segregation and was not provided medical care. Plaintiff has permanent damage to his sinuses from the attack, which makes breathing difficult.

Plaintiff fails to allege facts to support that Perez knew or should have known that Duran posed a substantial risk of serious harm to Plaintiff but that Perez disregarded such risk. That is, Plaintiff must allege how Perez knew or should have known that Duran posed a threat to Plaintiff's safety. For that reason, Plaintiff fails to state a constitutional violation against Perez.

**D.    Count II**

Plaintiff designates Count II as a claim for denial of basic necessities by failing to provide him a restricted diet due to his diabetes based on the following: Plaintiff is a type II diabetic. ADC has records from Plaintiff's prior incarceration reflecting that he requires a restricted diet to control his diabetes. While other complexes have provided Plaintiff a restricted diet, Plaintiff has not received a restricted diet at ASPC-Phoenix West. As a result, Plaintiff is constantly fatigued and lacks energy.

1 | Plaintiff presumably brings this claim against Defendant GEO Group, which operates ASPC-Phoenix West. There are four criteria to find state action by a private actor for purposes of § 1983: (1) the private actor performs a public function, (2) the private actor engages in joint activity with a state actor, (3) a private actor is subject to governmental compulsion or coercion, or (4) there is a governmental nexus with the private actor. Kirtley v. Rainey, 326 F.3d 1088, 1093 (9th Cir. 2003). Under the public function test, "the function [performed by the private actor] must traditionally be the exclusive prerogative of the state." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995); see Kirtley, 326 F.3d at 1093; Lee v. Katz, 276 F.3d 550, 554-555 (9th Cir. 2002). A privately owned corporation that operates prisons pursuant to contract with a state performs a public function that is traditionally the exclusive prerogative of the state. To state a claim under § 1983 against a private entity performing a traditional public function, however, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. See Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997); Street v. Corrections Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996); Wall v. Dion, 257 F. Supp.2d 316, 319 (D. Me 2003); see also Austin v. Paramount Parks, Inc., 195 F.3d 715, 727 (4th Cir. 1999); Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990); Lux by Lux v. Hansen, 886 F.2d 1064, 1067 (8th Cir. 1989); Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982).

GEO Group performs a public function, i.e., operating a prison. However, Plaintiff failed to allege facts as to when, where, or how GEO Group allegedly violated Plaintiff's rights pursuant to a policy. Indeed, while Plaintiff states that ADC has records showing that he has previously received a restricted diet, Plaintiff does not allege facts to support that GEO Group or anyone affiliated with it knows that Plaintiff requires a restricted diet. Therefore, Plaintiff fails to state a claim against GEO Group in Count II for violation of his constitutional rights.

**V.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

1 a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first
2 amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail
3 Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails
4 to use the court-approved form, the Court may strike the amended complaint and dismiss this
5 action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See

1 LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice
2 to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc.# 5.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint (doc.# 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

1 | rights complaint by a prisoner.
2 | DATED this 23rd day of May, 2010.

_____
Robert C. Broomfield
Senior United States District Judge